IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>J.K. MERZ CONSTRUCTION, INC., a California corporation, JOHN K. MERZ, an individual, SALLY P. MERZ, an individual,<br><br>    Defendants. | No. C 07-00770 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this contract dispute, plaintiff has moved for leave to file a second amended complaint. Defendants have filed a statement of non-opposition to this motion. This order finds that plaintiff was diligent in seeking this amendment and defendants will not be prejudiced. Plaintiff's motion is, therefore, **GRANTED**.

**STATEMENT**

Plaintiff Travelers Casualty and Surety Company filed suit against defendants J.K. Merz Construction, Inc. ("JKM"), John K. Merz, and Sally P. Merz, on February 6, 2007. Plaintiff furnished defendants with surety bonds on behalf of JKM in connection with JKM's performance of construction services. In the original complaint, plaintiff sought indemnity for the reimbursement of losses, costs, and expenses incurred in connection with the resolution of

claims made by subcontractors and suppliers on the bonds. Plaintiff maintains that an indemnity agreement obligates defendants to indemnify plaintiff from such costs (Br. 3).

Following a cross-complaint filed against plaintiff by the City of Antioch and the Antioch Public Golf Corporation in a separate state-court action, plaintiff filed an amended complaint. In the amended complaint, plaintiff added allegations based upon the potential exposure to plaintiff posed by the pending state-court action (*ibid.*).

A case management order was issued pursuant to Rule 16 on May 17, 2007. The order set the deadline for seeking leave to add new parties or to amend the complaint for June 1, 2007. Plaintiff and defendants were required to exchange Rule 26 initial disclosures by June 1, 2007.

Plaintiff filed the instant motion for leave to amend the complaint on June 1, 2007. Plaintiff moves to add a claim against defendants John K. Merz and Sally P. Merz, in their capacity as trustees of the Merz Family Trust. The new claim alleges that defendants have fraudulently transferred property and incurred obligations on their assets to avoid paying debts to plaintiff. Plaintiff also seeks to modify the already existing allegations as follows: (1) update the allegations relating to losses incurred by plaintiff in resolving certain claims; (2) revise allegations made in the first amended complaint referring to then unresolved claims on the bonds, which have since concluded; (3) supplement the amount of incurred damages; and (4) add the name of TRM Corporation to the list of claimants to whom plaintiff issued a payment. Plaintiff maintains that discovery has not yet started. The motion for leave to amend is unopposed by defendants (Van Ornum Decl. ¶ 9; Br. 3–4, 6–7).

**ANALYSIS**

Plaintiff filed the instant motion on the last day allotted to seek such leave under the Rule 16 scheduling order. Hence, Rule 15(a) governs the present motion. Leave to amend a complaint "shall be freely given when justice so requires" under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'"
*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the motion is in compliance with the scheduling order. Defendants do not oppose the motion. The proposed amendments would not add new defendants, though defendants John K. Merz and Sally P. Merz would be sued in a new capacity. There is no showing of prejudice or bad faith. The only burden imposed on defendants is the requirement to defend against an additional claim. Defendants have not yet propounded discovery and will have sufficient opportunity to prepare a defense against this additional claim prior to the trial date set for April 21, 2008. Accordingly, plaintiff will be allowed to file a second amended complaint.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **GRANTED**. The hearing noticed for July 12, 2007, is hereby **VACATED**. Plaintiff shall file and serve the second amended complaint by **JULY 10, 2007**. Defendants shall respond comporting with the deadlines set forth in Rule 12.

**IT IS SO ORDERED.**

Dated: July 3, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3